JOHNSON, J.,
DISSENTS WITH REASONS
hoi, respectfully, dissent from the majority opinion in this matter. I do not believe that Aswald Falgout’s use of lethal force on the night in question against Willis Batiste was reasonable.
According to the testimony presented, the officers arrived on the scene in response to a 911 hang up call. Once Mr. Batiste arrived on the scene, the risk of danger to the officers was relatively low because Mr. Batiste never attempted to attack either of the officers. Moreover, according to Officer Ryan Singleton, he and Mr. Falgout were not near Brian Sears when Mr. Batiste approached; thus, the risk of danger faced by those officers was not imminent. Additionally, under the circumstances of this case, the likelihood of Mr. Batiste’s escape was also low. Mr. Batiste walked onto the scene and started an altercation with Mr. Sears in the presence of the officers. Either of the officers could have apprehended Mr. Batiste prior to and during the altercation. Furthermore, there were clearly alternative, nonlethal methods, e.g., a shot to a non-lethal area of the body, available to disarm Mr. Batiste of the knife handle with the detached blade.
When considering these facts along with Mr. Falgout’s testimony that he did not recall any specifics about receiving use of deadly force training before or after the incident while on the police force, it is not hard to conclude that Mr. Falgout did not know what use of force was necessary or reasonable in that circumstance. Therefore, I would find that Mr. Falgout’s act of fatally shooting Mr. Batiste was not reasonable.